| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br>**Caption in Compliance with D.N.J. LBR 9004-1**<br>DENISE CARLON, ESQUIRE<br>KML LAW GROUP, P.C.<br>Sentry Office Plz<br>216 Haddon Ave.<br>Suite 406<br>Westmont, NJ 08018<br>(215)627-1322<br>dcarlon@kmllawgroup.com<br>Attorneys for Movant<br>U.S. Bank, N.A., not in its individual capacity but solely as Trustee on behalf of OWS REMIC Trust 2013-2 | Order Filed on September 27, 2016<br>by Clerk<br>U.S. Bankruptcy Court<br>District of New Jersey |
| In Re:<br><br>Albert Hancock & Cecelia Hancock,<br><br>Debtors. | Case No.: 16-13254-KCF<br>Adv. No.:<br>Hearing Date: 11/9/2016 @10:00 a.m.<br><br>Judge: Kathryn C. Ferguson |

### ORDER RESOLVING SECURED CREDITOR'S OBJECTION TO DEBTORS' CHAPTER 13 PLAN

The relief set forth on the following pages, numbered two (2) through three (3) is hereby **ORDERED**

**DATED: September 27, 2016**

Honorable Kathryn C. Ferguson
United States Bankruptcy Judge

Page 2
Debtor: Albert Hancock & Cecelia Hancock
Case No.: 16-13254-KCF
Caption: **ORDER RESOLVING SECURED CREDITOR'S OBJECTION TO DEBTORS' CHAPTER 13 PLAN**

This matter having been brought before the Court by KML Law Group, P.C., attorneys for Secured Creditor, U.S. Bank, N.A., not in its individual capacity but solely as trustee on behalf of OWS REMIC Trust 2013-2, holder of a mortgage on real property located at 832 Bunker Hill Avenue, Lawrence, NJ 08648, Denise Carlon appearing, by way of objection to the confirmation of Debtors' Chapter 13 Plan, and this Court having considered the representations of attorneys for Secured Creditor and Peter Zimnis, Esquire, attorney for Debtors, Albert Hancock and Cecelia Hancock, and for good cause having been shown;

It **ORDERED, ADJUDGED and DECREED** that Debtors shall obtain a loan modification within six months from the date of confirmation; and

It is **FURTHER ORDERED, ADJUDGED and DECREED** that the Debtor is to make regular post-petition payments in accordance with the terms of the note and mortgage while the loan modification is pending; and

It is further **ORDERED, ADJUDGED and DECREED** that for the Duration of Debtor's Chapter 13 bankruptcy proceeding, if any of the cure payments or regular monthly mortgage payments are not made within thirty (30) days of the date said payment is due, Secured Creditor may obtain an Order Vacating Automatic Stay as to Real Property by submitting a Certification of Default to the Court indicating such payment is more than thirty days late, and Debtor shall have fourteen days to respond; and

It is further **ORDERED, ADJUDGED and DECREED** that a copy of any such application, supporting certification, and proposed Order must be served on the Trustee, Debtor, and Debtor's counsel at the time of submission to the Court; and

It is **FURTHER ORDERED, ADJUDGED and DECREED** that Secured Creditor does not waive its right to collect pre-petition arrears in the event loss mitigation negotiations are unsuccessful; and

It is **FURTHER ORDERED, ADJUDGED and DECREED** that if loss mitigation is unsuccessful, Debtors shall modify the plan to address Secured Creditor's pre-petition arrears,

Page 3
Debtor:     Albert Hancock & Cecelia Hancock
Case No.:   16-13254-KCF
Caption:    **ORDER RESOLVING SECURED CREDITOR'S OBJECTION TO DEBTORS' CHAPTER 13 PLAN**

either by curing the arrears, selling the property, surrendering the subject property, or in a manner otherwise permitted by the code; and

It is **FURTHER ORDERED, ADJUDGED and DECREED** that Secured Creditor's objection to confirmation is hereby resolved.